## TREPANIER v. STANDARD MIN. & MILL. CO.

(No. 2188; March 10, 1942; 123 Pac. (2d) 378)

30

For the appellant, the cause was submitted on the brief of *George F. Dobler* and *A. H. Maxwell* of Lander.

For the respondent, the cause was submitted on the brief of *H. S. Harnsberger* of Lander.

34

RINER, Chief Justice.

The plaintiff and respondent Trepanier was employed as a truck driver and mechanic by the Standard Mining and Milling Company, a Wyoming corporation, the defendant and appellant, from October 3, 1934, to February 20, 1935. For the sake of brevity he will be hereinafter usually referred to as either the "plaintiff" or by his surname. The corporation aforesaid will also usually be designated as the "defendant" or as the "Mining Company".

It appears that the Mining Company maintained an office and also a garage and shop in the City of Denver, Colorado, during this period and that the mining property it operated at that time was located at Atlantic City in the vicinity of the Town of Lander, Wyoming. Trepanier hauled supplies of various kinds by means of truck and car, these supplies consisting of groceries and small machinery parts. They were picked up in Denver, Colorado, and transported to the defendant's mine, already mentioned. On one occasion it seems he had hauled amalgam taken from the defendant's mine in Wyoming and carried it to the shop above mentioned, where it was "retorted" by one of the company officers.

The plaintiff, not being paid by the Mining Company his wages for services performed, on February 3, 1936,

sued the Mining Company in the district court of the City and County of Denver, and recovered a judgment against said Mining Company therefor, which judgment was entered April 1, 1936. On November 28, 1934, he suffered an accident "arising out of and in the course of his employment aforesaid", on account of which he was compelled to stop work on February 20, 1934. However, he sustained no permanent disability and returned to work July 17, 1935. Due to this accident he presented his claim to the Industrial Commission of Colorado, which, after notice to the parties as provided by Chapter 210, Laws of Colorado 1919, and hearing held pursuant to notice December 13, 1935, at the City and County of Denver, awarded him compensation for the injury suffered and also for medical services required on account of the accident aforesaid. This award also not being paid by the Mining Company, a certified transcript thereof was filed in the Clerk's office of the District Court of the City and County of Denver, and resulted in a judgment of that court, all as provided by Chapter 176, Laws of Colorado, 1931, which amended Section 4401 of the 1921 Compiled Laws of that State as amended by Chapter 201, Laws of Colorado, 1923. So far as applicable here that law reads:

"Provided a certified copy of any award of the Commission or order of the referee ordering the payment of compensation, entered in such case may be filed with the Clerk of the District Court of any County in this State, at any time after the order of the referee awarding compensation, and the same shall be recorded by him in the judgment book of said Court and entry thereof made in the Judgment Docket, and shall thenceforth have all the effect of a judgment of the District Court, and execution may issue thereon out of said Court as in other cases."

The exemplified copy of the record of the District Court

of the City and County of Denver states among other things that:

"A certified transcript of the Award and Order of the Referee of the Industrial Commission of the State of Colorado having this day been filed in this case with the Clerk of this Court, as provided in Section 4401 Compiled Laws of Colorado, 1921, and as Amended by Chapter 176, Session Laws of 1931; now therefore;

"In compliance with said provision of the statutes as amended, said certified transcript and order are hereby recorded in the Judgment Book as a judgment of this Court, wherein said Claimant Earl Trepanier, does have and recover of and from the said respondent Standard Mining & Milling Company, Employer" the amount awarded Trepanier by the Industrial Commission of the State of Colorado.

The propriety of such a procedure seems to be conceded by appellant. However, see Richmond Cedar Works v. Harper, 129 Va. 481, 106 S. E. 516, 71 C. J. 1423 and cases cited.

Thereafter suit was filed by Trepanier in the district court of Fremont County, Wyoming, upon these judgments of the district court of the City and County of Denver, with the result that judgment was given against the Mining Company for the amount of said judgments, with interest and costs. This is the judgment which we are asked to review at this time.

It is contended that there was no proper service of summons in the action brought as above described for the plaintiff's unpaid wages claimed to be due from the Mining Company. It appears by the exemplified copy of the judgment roll that the service of said summons on the Mining Company was proven by the affidavit of a disinterested person, wherein it was stated that no agent of the Mining Company could be found in the City and County of Denver, where the action was instituted, and consequently service of the summons was made upon a stockholder of the defendant corporation;

one Vidal, as authorized by Chapter 171, Laws of Colorado, 1927, which so far as pertinent here reads:

"Ninth—If the action be against a foreign corporation, or joint stock company or association, organized under the laws of another state or territory, and doing business within this state the summons shall be served by delivering a copy to any agent of such corporation, company or association found in the county in which the action is brought. If no such agent be found in such county, then by delivering a copy of the summons to any stockholder who may be found in such county."

Service of this kind has been held to be good by the Supreme Court of Colorado in Colorado Iron-Works v. Sierra Grand Mining Company, 15 Colo. 499, 25 P. 325. See also 18 Fletcher's Cyclopedia Law of Corporations (Permanent Edition) 530, Section. 8752. The ruling of the Colorado court would seem also by analogy to be within the reasoning announced in State ex rel. Bond & Goodwin & Tucker v. Superior Court, 289 U. S. 361, 77 L. Ed. 1256, 53 Sup. Ct. 624, 89 A. L. R. 653, that if a foreign corporation is not willing to depend upon receiving notice from its stockholders, who are interested in its affairs, of any process directed against it, it should have appointed a proper agent to receive service, as it was entitled to do under the statute.

That the Mining Company was doing business in Colorado is evident from the following facts gleaned from the record, viz: it was maintaining offices in the City of Denver and employing agents to carry on its business there; maintaining a garage and shop in the city last above mentioned; storing the Mining Company's cars and trucks there; purchasing supplies and machinery parts there for use at its mine aforesaid, and retorting amalgam at its shop mentioned above. One of the provisions of the corporate charter itself of the Mining Company was that that corporation was authorized to "treat, concentrate, smelt, mill or other-

wise reduce or dispose of ores, metals or minerals, or any products of mineral properties".

Something is said in appellant's brief to the effect that some of the laws of the State of Colorado mentioned and quoted above were not introduced in evidence in the district court. But the Uniform Judicial Notice of Foreign Law Act (Chapter 78, Laws of Wyoming, 1941) provides in its first section that:

"Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States."

We can only reverse a judgment for prejudicial error affecting the substantial rights of a party, something the plaintiff in error or appealing litigant must establish in this court. Section 89-2002 W. R. S. 1931; Pardee v. Kuster, 15 Wyo. 368, 381, 382, 89 P. 572, 91 P. 836; Iowa State Savings Bank v. Henry, 22 Wyo. 189, 193, 136 P. 863; Stockgrowers Bank of Wheatland v. Gray, 24 Wyo. 18, 154 P. 593; Ramsay v. Gottsche, 51 Wyo. 516, 525, 69 P. (2d) 535.

Under the statute cited above requiring the courts of this State to take judicial notice of foreign law, we, of course, judicially know that these laws from which we have made the foregoing verbatim excerpts are operative in the State of Colorado. It can hardly be regarded as prejudicial error affecting a party's substantial rights where if a case were sent back for a new trial the same result would be reached, as now disclosed by the record before us. Charles H. Duell, Inc. v. Metro-Goldwyn-Mayer Corporation, 128 Calif. App. 376, 18 P. (2d) 781, 785.

Other minor matters are suggested for our consideration by the briefs of the parties, the case not being

argued orally, but sufficient has been said to indicate that we think that the judgment of the district court of Fremont County was correct and should be affirmed.

*Affirmed.*

KIMBALL and BLUME, JJ., concur.