[Sac. No. 325. Department One.—February 12, 1898.]

MARY ELLA SMITH et al., Respondents, v. PATRICK HAWKINS, Appellant.

WATER RIGHTS— APPROPRIATION — LOSS OF RIGHT BY NONUSER FOR FIVE YEARS.—The failure of one who has appropriated water to devote it to any beneficial use for the period of five years next before the commencement of an action against a subsequent appropriator, operated, under section 1411 of the Civil Code, to work a forfeiture of plaintiff's rights by nonuser, as against the defendant.

ID.—PARTIAL LOSS OF RIGHT—CAPACITY OF DITCH IMMATERIAL.—An appropriation of water by means of a ditch is not measured by the capacity of the ditch, but is limited to such quantity, not exceeding its capacity, as the appropriator may put to a useful purpose; and no matter how great in extent the original quantity appropriated may have been, any amount less than the whole amount appropriated, which has not been devoted to a beneficial use at some time within five years, is lost and forfeited as against a subsequent appropriator thereof.

ID.—FINDINGS—INSUFFICIENT SUPPORT OF JUDGMENT—FAILURE TO FIND EXTENT OF BENEFICIAL USER—JUDGMENT FOR CAPACITY OF DITCH.—Where the court found that the defendant, a subsequent appropriator, had continuously appropriated a certain quantity of water from the stream for thirteen years last past, and also found the capacity of plaintiffs' ditch, and that plaintiffs had diverted the water for a useful purpose within five years before the commencement of the action, but the maximum quantity of water so diverted and used at any time during said period was not determined, the findings are insufficient to support a judgment awarding to plaintiffs a superior right in the stream to the extent of the capacity of their ditch.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. John Caldwell, Judge.

The facts are stated in the opinion of the court, and in its opinion rendered on the former appeal. (*Smith v. Hawkins,* 110 Cal. 122.)

C. W. Kitts, and F. T. Nilon, for Appellant.

P. F. Simonds, and A. Burrows, for Respondents.

VAN FLEET, J.—Action to quiet title to a water right asserted by plaintiffs.

The cause was here before (*Smith v. Hawkins,* 110 Cal. 122), and the general history of the case will be found more fully stated in the opinion then filed. The judgment was reversed, and, the action having been retried in the court below, judgment again went for plaintiffs, from which and an order denying a new trial defendant appeals, contending that the evidence is insufficient to sustain the findings, and that the findings do not support the judgment. It is not necessary to notice the first contention, since we are satisfied that the second must be sustained.

On the former appeal, it appeared from the findings that no beneficial use had been made of the water appropriated through plaintiffs' ditch for a period of five years next before the commencement of the action; and it was .held that the right of plaintiffs and their grantor to the use of the water being one acquired by appropriation, a failure for that period to devote the water to a useful or beneficial purpose operated, under section 1411 of the Civil Code, to work a forfeiture of plaintiffs' rights thereto for nonuser, as against subsequent appropriator.

On the last trial, the findings, so far as material, are in substance that the capacity of plaintiffs' ditch is, and always has been since its establishment in 1865, two hundred and eighty-nine miner's inches, measured under a six-inch pressure, and that plaintiffs are entitled to that quantity of water "for mining or any other useful purposes"; that during the five years next preceding the beginning of this action "the plaintiffs and their grantors have diverted water from said creek" for a useful purpose. The judgment awards plaintiffs a superior right in the stream to the extent of such two hundred and eighty-nine inches

over that of defendant, a subsequent appropriator, who is found to have been continuously for thirteen years last past taking a certain quantity of water therefrom through a ditch owned by him.

Applying the principles announced on the former appeal to these facts, and it is apparent that the judgment is not supported by the findings. The court found that during the period of five years next before the bringing of the action plaintiffs "diverted water" from said creek for a useful purpose; but the quantity of water so diverted and used at any time during said period is not determined, but is left wholly a subject of conjecture. The finding as to the capacity of plaintiffs' ditch, and the right originally acquired thereby to appropriate to the limit of that capacity, is not sufficient as a basis of the judgment. It is neither the capacity of the ditch nor the amount originally appropriated which determines plaintiffs' rights. If plaintiffs could forfeit their entire right of appropriation by nonuser, equally will they be held to forfeit less than the whole by like failure. In other words, the necessary result of the principles declared on that appeal is that, no matter how great in extent the original quantity may have been, an appropriator can hold, as against one subsequent in right, only the maximum quantity of water which he shall have devoted to a beneficial use at some time within the period by which his right would otherwise be barred for nonuser. And this principle has been more explicitly declared in the recent case of *Senior v. Anderson,* 115 Cal. 496, where it is held that an appropriation of water by the owner of land by means of a ditch is not measured by the capacity of the ditch through which the appropriation is made, but is limited to such quantity, not exceeding the capacity of the ditch, as the appropriator may put to a useful purpose.

The material fact, then, necessary to sustain the judgment— the maximum quantity of water beneficially employed by plaintiffs at some time within the five years next before the bringing of the action—is lacking.

The judgment and order are reversed.

Harrison, J., and Garoutte, J., concurred.