# RAMSAY v. GOTTSCHE

(No. 2012; June 8, 1937; 69 Pac. (2d) 535)

For the contestant and appellant, the cause was submitted on the brief of *Louis Kabell, Jr.* of Evanston.

520

For the contestee and respondent, the cause was submitted on the brief of *T. S. Taliaferro, Jr.* of Rock Springs, Wyoming.

RINER, Justice.

This is a proceeding by direct appeal from a decree of the district court of Sweetwater County reversing and setting aside the findings and order of the State Board of Control in a matter arising under the provisions of Sections 122-421 to 122-427 inclusive, W. R. S. 1931, relative to the alleged abandonment of certain water rights claimed by the respondent and contestee, William H. Gottsche, to lands located in the county aforesaid. The instant litigation was initiated by the appellant and contestant, Barbara B. Ramsay, as hereinafter outlined.

A condensed history of the proceedings in this matter prior to the taking of the appeal we now have before us is as follows: April 6, 1931, Barbara B. Ramsay filed in the office of the State Engineer of the State of Wyoming her applications to appropriate through Ramsay Ditch No. 1 certain water from Trout Creek, a tributary of Sage Creek, and through Ramsay Ditch No. 2 certain water from Gooseberry Creek, a tributary of Trout Creek, for the irrigation of described lands in said applications listed. On December 12, 1931, permits were granted by the State Engineer

upon each of these applications, the said permits allowing an appropriation of the "surplus water of the stream when all prior rights are satisfied." Water was first put through the Ramsay No. 1 Ditch in October, 1931, and through the Ramsay No. 2 Ditch in October, 1932.

On January 26, 1932, Barbara B. Ramsay, as a contestant undertaking to follow the procedure outlined in Section 122-422, W. R. S. 1931, filed with the State Board of Control a petition for a declaration of abandonment by said board relative to both an appropriation of water from Sage Creek aforesaid, with priority of the year 1877, adjudicated by a decree of the district court of Sweetwater County dated August 20, 1906, in the name of W. A. Johnson, through the Johnson No. 1 Ditch, and an appropriation of water from said Sage Creek, with priority of May, 1885, adjudicated in the name of Henry F. Bissell through the Bissell Ditch.

This matter was by the board referred to the Superintendent of Water Division No. 4, for the purpose of taking testimony relative to the alleged abandonment of these water rights, as required by Sections 122-422 and 122-423, W. R. S. 1931, supra, and the parties were duly notified of the time and place of the hearing thereon. Inasmuch as William H. Gottsche was the then owner of the water rights and lands affected by this proceeding, he having become such owner in the fall of the year 1927, he was given due notice as contestee. On August 31, 1932, the parties appeared and evidence was submitted. Subsequently a transcript thereof was ultimately transmitted to the Board of Control, before which a final hearing was had on November 10, 1932, all as directed by Sections 122-424 to 122-426, inclusive, W. R. S. 1931, supra. Both parties were represented at this hearing before the board. On that date the board found that the contestee had failed for a period of more than five years prior to the filing

of the contestant's petition to beneficially use the water through the Johnson No. 1 Ditch and the Bissell Ditch aforesaid, and accordingly entered its order declaring the water rights abandoned.

As required by Section 122-427, W. R. S. 1931, supra, on December 27, 1932, the board filed in the district court of Sweetwater County, the county where these water rights were situated, a certified copy of its declaration and decision. The same day a summons or notice was issued to the sheriff of that county for service by him, directed to both Barbara B. Ramsay and William Gottsche, requiring any party so desiring to file objections to said decision on or before the 28th day of January, 1933, and notifying them that otherwise judgment would be entered affirming the action of said Board of Control in declaring these water rights abandoned.

January 20, 1933, William H. Gottsche filed in said court his objections to the order and decision of the board aforesaid. May 22, 1934, contestant filed her motion for an order of court to amend the caption and title of the aforesaid certified copy of the decision of the State Board of Control by adding the names of the contestant and contestee not appearing as such therein, and also her motion for an order to strike the objections aforesaid from the files of the court as insufficient and as setting forth no valid claim or defense.

Argument on these motions of contestant and on the objections of contestee was heard on May 22, 1934, by the court, another judge sitting than the one who rendered the decree from which this appeal is taken, and by a judgment form, dated August 29, 1934, filed the 31st of that month, both motions were denied, the objections were overruled and it was adjudged by the court that the decision of the State Board of Control, as described above, be in all respects affirmed.

September 4, 1934, and before the term at which this

judgment was rendered had expired, William H. Gottsche, the water right owner affected adversely thereby, through his counsel, moved in substance that said judgment be modified and amended as erroneous for noncompliance with the provisions of Section 122-427, supra. After a hearing had on this motion before the judge who rendered the decree now attacked, the court by its order form dated April 15, 1935, and filed that date, found that the judgment aforesaid was "improvidently and immaturely rendered" and that it should be vacated; and that pleadings should be made up as required by Section 122-427 aforesaid. The parties were accordingly given time, the contestant, Barbara B. Ramsay, to file her petition, and the contestee to file his answer. After the pleadings thus ordered were brought into the case, including a reply by the contestant to contestee's answer, the matter was on May 25, 1936, heard by the court, as directed by the section of the statute last mentioned, and the issue was tried, whether the water rights claimed by the contestee had "in fact been abandoned."

Under date of June 19, 1936, a form of decree was filed and the decree entered, wherein the court found, among other things, generally for the contestee,. William H. Gottsche, and against the contestant, Barbara B. Ramsay, upon both the facts and law involved and that William H. Gottsche never by the non-use of the water rights herein involved abandoned the said water rights. The "Findings and Order" of the State Board of Control were therefore "reversed, set aside and held for naught." This is the final decree of which complaint is now made, as first above stated.

It is urged for appellant that there was error in the district court's ruling declining to amend the caption of the certified copy of the "Findings and Order" of the State Board of Control so as to show the names of the contestant and contestee. The caption in question read:

"In the Matter of the Petition of Barbara B. Ramsay for Declaration of Abandonment of Appropriations of Water From Sage Creek, Tributary of Green River, with Priority of 1877, Adjudicated in the Name of W. A. Johnson, Through the Johnson No. 1 Ditch and with Priority of May, 1885 in the Name of Henry F. Bissell, Through the Bissell Ditch (Terr., Decree District Court, Third Judicial District, dated August 20, 1906 and Order Record 3, page 94)."

It is thus seen that the name of the contestant was given, and of course whoever claimed to own the described water rights would necessarily be the contestee. The summons or notice issued thereon was properly directed to William Gottsche, and he, as the owner of the rights affected, appeared and filed his objections within the time the law required it to be done. No one seems to have been misled or injured by the court's ruling that we can see. Even if that ruling was error, a matter we do not deem it necessary to decide, it was not prejudicial to the substantial rights of the contestant and hence we may not regard it. Section 89-2002, W. R. S. 1931; Iowa State Savings Bank v. Henry, 22 Wyo. 189, 193, 136 Pac. 863; Stockgrowers Bank of Wheatland v. Gray, 24 Wyo. 18, 154 Pac. 593.

It is said that it was error to overrule contestant's motion that the objections filed by contestee should be stricken from the files of the court because these objections "were in the nature of a demurrer containing nothing of substance and raised only the question of jurisdiction of the district court"; and that this jurisdictional question was settled adversely to contestee by this court through its decision in the case of Wyoming Hereford Ranch v. Hammond Packing Company, 33 Wyo. 14, 236 Pac. 764.

Section 122-427, supra, after providing for the filing, within sixty days after the board's decision, in the district court of the county where the water right is situated a certified copy of such decision by said board, the

issuance and contents of a summons or notice directed to the owners of the right affected, provides so far as is here material:

"Any person desiring to object in any way to such decision of the board of control shall file, within the time within which he is required to answer, his objections to such decision. Summons or notices herein mentioned shall be served and governed by the rules relating to service of summons in civil actions in said court. If no objections are filed to such decision of the board of control within the time provided for answer or objection, the judge of the district court shall as soon as practicable thereafter, enter a judgment or order affirming in all respects, the decision of the board of control in regard to the abandonment of such water rights and in such case the state board of control shall pay the costs; but if objection be filed the contestants in the action before the state board of control shall become the plaintiffs in such action and the objector or objectors shall become the defendant or defendants, and the issue tried shall be whether or not such water rights have in fact been abandoned, and the court may order such pleadings made up or filed as may be necessary in the case."

It will be observed that the statute says that "any person desiring to object *in any way*" (italics ours) shall file objections within the time limited by the notice or summons; that is to say the findings and order attacked could undoubtedly be objected to on the ground of errors either in fact or in law. The statute seems to make no provision for trying the sufficiency of the objections at this point in the procedure. The single act of filing objections sets in motion the statutory requirement that other steps be taken in the matter. It may perhaps be true that more frivolous objections could be disregarded by the court. Here, however, it is plain that the objections were substantial in character, challenging the jurisdiction of both the State Board of Control and the district court and claiming that on the

record the said board had no authority to render the decision it did. The district court was right therefore in overruling the motion of contestant to strike the objections filed on behalf of contestee.

It is insisted that the court erred in granting the contestee's motion to amend and modify the judgment dated August 29, 1934, which undertook to affirm the decision of the Board of Control. It is urged that the April, 1934, term of the district court of Sweetwater County had closed, and consequently the court was without authority to act. But the motion to correct the judgment had been filed before the close of the term. And in the case of O'Keefe v. Foster, 5 Wyo. 343, 40 Pac. 525, this court said:

"A judgment may be carried over the term by a motion to vacate or modify it, filed upon notice at the term at which it was rendered. Such is the case here, as the motion to modify with due notice thereof was filed during the term, although not granted until a subsequent term, and this is sufficient to warrant the court to grant the relief at the ensuing term. Black on Judgments, sec. 310; Goddard v. Ordway, 101 U. S. 745; Smith v. Best, 42 Mo., 1. As the motion to modify the judgment in the case at bar, with the supporting affidavits, was filed upon due notice to the plaintiff below, at the term at which the judgment assailed was rendered, the motion by adjournment was carried over the term, and the action of the district court at its following term in passing upon the motion must be sustained."

See also 34 C. J. 214 and extended list of cases cited in Note 13.

Even if the motion had not been filed within the term, it seems to us that it could have been regarded properly as a motion to vacate the judgment after the term for irregularity in obtaining it, as provided in the third sub-division of Section 89-2301, W. R. S. 1931. See Mitter v. Black Diamond Coal Co., 28 Wyo. 439, 206 Pac. 152; Bank of Commerce v. Kate Williams, et

al., —— Wyo. ——, 69 Pac. (2d) 525, this day decided. The affidavit attached to the motion discloses that the contestee alleged he had a good defense to the proceeding, viz., that he was ready to prove that "no abandonment of his water right had in fact occurred."

When contestee's objections were filed under Section 122-427, supra, it became the duty of the court to try the issue, whether or not the water rights in question had in fact been abandoned, after it had seen to it that appropriate pleadings existed or were framed to properly present that issue. When the court's judgment of affirmance was rendered no trial of any such issue had been had and the judgment was accordingly prematurely and irregularly entered. There is no merit, therefore, in contestant's contention concerning the court's action in vacating the judgment of affirmance and ordering pleadings made up for the trial of the issue, as the statute explicitly directs.

So far as the disposition of the case by the trial court upon the merits of the matter is concerned, i. e., on the question whether or not contestee's water rights attacked by this proceeding had been abandoned or not, our examination of the record in this case leads us to think there was substantial evidence therein to sustain the court's findings and judgment in contestee's favor. It is argued on behalf of contestant that the contestee introduced but one witness in support of his case and that his proof in support of his answer of non-abandonment was forthcoming for the most part only from the lips of contestant's witnesses on cross-examination. In this connection it is said that evidence of this sort could not sustain contestee's defense. We are cited to cases and authorities declaring that "a defendant may not be permitted to make out his defense by the cross-examination of the plaintiff or his witnesses on matters not brought out on direct examination." J. L. Kennedy v. Supnick, 82 Okla. 208, 200 Pac. 151, 28 A. L. R.

1520; 70 C. J. 667, Sec. 827. But as we view the record before us these citations are not applicable. The cross-examination of these witnesses was entirely proper relative to the controlling issue of abandonment. The burden of proving that issue rested upon contestant. Her witnesses had testified to facts dealing with that matter. If their testimony upon legitimate cross-examination established contestee's defense of non-abandonment of his water rights, we see no reason why he may not have the benefit thereof.

In considering the evidence in this case we must analyze it in the light of certain well established legal principles and of a statute providing for a forfeiture of water rights by non-user of the water "for irrigation or other beneficial purposes during any five successive years." 2 Kinney on Irrigation and Water Rights (2d Ed.) Sec. 1118, page 2021, says:

"Although the general rule is that forfeitures are not favored in law, and even in cases of abandonment, the evidence must be clear and convincing that it was the intent of the owner to abandon the right before the Court will decree that the right was actually abandoned, it has been the policy of the legislatures of the various States and Territories to pass enactments providing for the forfeiture of these rights for the failure or neglect to use them for a beneficial purpose."

Of similar purport is Long on Irrigation (2d Ed.), Sec. 185, page 335, where the author remarks: "On the contrary, forfeitures are not favored, and an appropriator will not be held to have abandoned his right except upon reasonably clear and satisfactory evidence." And cases are cited supporting the text. The same authority as last cited, grounding his statement on many cited cases, in Section 182, at pages 329-330, announces the rule that:

"Since a water right and the ditch by which the water is conveyed are independent subjects of property,

an irrigating ditch may be abandoned without an abandonment of the water right, as where old ditches are abandoned, and new ditches substituted therefor for the conveyance of the same water. In such case the abandonment of the ditch is not also an abandonment of the water right."

See also Van Tassel Real Estate & Livestock Co. v. City of Cheyenne, 49 Wyo. 333, 54 P. (2d) 906.

This court has held that one who has a legally established water right for irrigation purposes may change the point of diversion of water therefor without losing his priority and without causing an abandonment of the water right. He may not, of course, by such a change cause injury to other existing rights. See Van Tassel Real Estate and Livestock Co. v. City of Cheyenne, supra, and cases cited.

The contestant's petition filed in the district court pursuant to the order above referred to, alleged that according to the permits granted by the State Engineer December 12, 1931, as above stated, she applied water to a beneficial use through the Ramsay Ditch No. 1 prior to January 22, 1932, and through the Ramsay Ditch No. 2 prior to December 3, 1932; and "that at no time for the period of five successive years and more prior to the time that said contestant began beneficial use of waters through the Ramsay ditches as hereinbefore stated, had there been any beneficial use whatever of any waters through the Johnson No. 1, territorial permit, and Bissell Ditch, Territorial permit, taking water from Sage Creek, a tributary of Green River, nor any beneficial use of waters made through either of the headgates of said ditches, for such period of five successive years and more prior to contestant's beneficial use of waters as aforesaid." Her proof was on the trial, as already stated, that water was put through the Ramsay Ditch No. 1 in October, 1931, and through the Ramsay Ditch No. 2 in October, 1932.

In support of the court's finding and judgment there was among other evidence the following: The contestant herself testified that in 1923 she saw water in the Johnson No. 1 Ditch; that after that time she "saw water through the Johnson Ditch in 1927, but not in the Bissell Ditch, and then there wasn't water through the Bissell or Johnson Ditches again until 1931, and then it wasn't through the original headgates"; that she saw water in both the Bissell and Johnson No. 1 Ditches in May, 1931. Contestee's witness Russell testified that water was running in the Johnson Ditch for irrigation in July, 1931, and in the Bissell Ditch on July 27, 1931. Contestant's witness Wellington, who had been theretofore a part owner in a corporation that owned the land on which the Bissell Ditch was located prior to the ownership of said land by the contestee, Gottsche, stated in response to questions by the court that he used the Bissell Ditch and irrigated his land therefrom "at least until 1927," he having in the fall of that year sold the property to contestee Gottsche. Contestant's witness, James Ramsay, who was her husband, testified that there was water in the Bissell Ditch in 1925. This statement was confirmed by Holmes, another witness for contestant, who said that one Leach "watered out of the Bissell Ditch in the spring of 1925." The last mentioned witness also testified without dispute that these ditches and the dams used in connection with them were for several years in succession after 1925 destroyed by floods, which were extremely heavy and which "took out the bridges and everything at different times." There was also testimony that in the spring of 1931 the contestee reconstructed both the Johnson No. 1 Ditch and the Bissell Ditch; that he located a new headgate for the former about a mile above the original point of diversion and that he installed a pumping plant for raising water from the creek into the Bissell Ditch; that this rearrangement

of the irrigation works was made necessary through the action of the flood waters of the creek, as mentioned above, cutting and destroying the works theretofore used for irrigation purposes.

In Morris v. Bean, 146 Fed. 423, a decision subsequently affirmed by the Circuit Court of Appeals of the Ninth Circuit (159 Fed. 651) and by the United States Supreme Court (221 U. S. 485, 31 Sup. Ct. 703, 55 L. Ed. 821), the court construing an earlier Wyoming statute providing for a forfeiture of water rights upon two years non-application of the water claimed thereunder to a beneficial use said:

"The statute of Wyoming provides, in effect that failure of one to use water appropriated for a period of two years shall be construed as an abandonment, and the defendants would avail themselves of its provisions. If it be admitted that their unlawful diversions deprived the appropriators in that state from the use of the water for more than this period, yet cessation of its use because it did not reach the parties entitled to it does not work an abandonment. Evidently that, in contemplation by the Legislature, was a voluntary act, and not an enforced discontinuance. An abandonment must always be voluntary. The statute could not have been intended to apply to anything more than failure to use from an available supply, and in its application it must be construed in the light of the well-known meaning of the words employed to express the legislative will."

It would seem logical that the doctrine of the case last cited, as quoted above, should be applicable as well to a situation where, as here, the owner of the water rights during several years was prevented by disastrous flood waters from using the dams and ditches originally constructed. Under such circumstances it can hardly be said that the non-use of the waters for a beneficial purpose was due to any fault or neglect on his part, either intentional or unintentional.

Even if we assume, as contended for by counsel, but

which we find it unnecessary to decide at this time, that the five successive years of failure to apply to a beneficial use waters which are claimed under a legally established water right, are to be reckoned under the statute aforesaid regardless of period of ownership, there was evidence in the case at bar, as hereinabove indicated, from which the court could properly find that no such period had elapsed to affect the water rights involved in the case at bar. We do not try this case anew in this court or substitute our views of the evidence for those of the trial court, and the only question we have to determine so far as the facts relative to the forfeiture of these water rights are concerned, is whether or not there is substantial evidence to support the findings and judgment of the district court. As already intimated we are obliged to answer that question in the affirmative.

The legal principles, however, above referred to relative to the proper application and construction of forfeiture statutes, the use of other ditches for the same water rights, the right to change the point of diversion of water to be applied to a beneficial use, when considered in conjunction with the facts of this case, likewise lead us to the conclusion that the judgment of the district court was correct.

Other minor points are suggested in the briefs of the parties, but the principal and controlling question presented have all been carefully examined and disposed of in accordance with the conclusions we have reached.

It results from what has been said that the judgment complained of should be affirmed and an order to that effect will be entered.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.