Ellen Marie **YENTZER**, Paul F. Reinke, Jeanette Reinke, Fred E. Reinke, and Luella E. Reinke, Appellants (Contestees and plaintiffs below),

v.

Ruth Gonder **HEMENWAY** et al., Appellees (Contestants and defendants below).

No. 3632.

Supreme Court of Wyoming.

April 19, 1968.

James A. Greenwood, Roseburg, Or., for appellants.

Leonard McEwan, Sheridan, for appellees.

James E. Barrett, Atty. Gen., Edward L. Grant, Asst. Atty. Gen., Thomas E. Cahill, Sp. Asst. Gen., Amici Curiae.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

This appeal is a culmination of legal action by junior appropriators of irrigation water seeking to have partial abandonment declared against holders of senior rights, the initial action being taken as a contest under the provisions of § 41–48, W.S.1957, with certain departures therefrom by stipulation of the parties. That contest resulted in declarations of abandonment in certain situations and some of the appropriators against whom abandonment was declared thereafter filed a petition under § 41–53, W.S.1957, for a de novo hearing of the controversy before the district court, which resulted in modifications of the board's order of abandonment. By reason of the statutory wording concerning the proceedings, the denomination of the parties has not been uniform in the previous hearings and not all of the original contestees are now before this court. However, for clarity all those who sought abandonment will be designated as appellees and all those whose rights were sought to be abandoned will be denominated as appellants although this term when used pertaining to the parties before the board and trial court must be taken to include persons additional to those who are presenting the appeal here.

In October 1963 the Last Chance Ditch Company and Peralta Ditch Company petitioned the State Board of Control for declaration of partial abandonment and reduction of water rights through the Big Goose and Beaver Ditch with a Territorial Appropriation, Priority August 29, 1885, alleging that portions of the water had not been beneficially applied for the past five years, that extreme waste of water had resulted and water had not been applied to lands as adjudicated, and that petitioners would be benefited by a declaration of abandonment. On November 22 this was referred to the Superintendent of Water Division Number Two for hearing. Subsequently appellants, appropriators of water through the Big Goose and Beaver Ditch, moved to reject and dismiss the petition, and on April 14, 1964, an amended petition was filed by appellees, the individual owners of adjudicated water rights under the Last Chance and Peralta companies. On June 26 counsel for both sides stipulated that hearing before the water division superintendent, provided by § 41–49, W.S.1957, was waived and the parties agreed that a full hearing should be held before the State Board of Control August 31, 1964. This hearing continued through September 3, 1964, and some months later, on January 7, 1966, the State Board of Control entered its findings, conclusions, and order, which, insofar as it affected appellants, held:

Yentzer appropriation for land designated "AC" (2.85 cfs for 200 acres), abandoned.

Yentzer appropriation for land designated "F" (9.15 cfs for 640 acres), 4.30 cfs for 301 acres, abandoned, 4.85 cfs for 339 acres remaining.

Yentzer appropriation for land designated "BH" (4.51 cfs for 315 acres), 3.22 cfs for 225 acres abandoned, 1.29 cfs for 90 acres remaining.

Reinkes appropriation for a portion of the land designated "AF" (9.14 cfs for 640 acres, of which acreage F. and L. Reinke owned 40 acres and P. and J. Reinke owned 120 acres), 3.14 cfs for 220 acres (including the 40 acres owned by F. and L. Reinke and 38 acres owned by P. and J. Reinke) abandoned, 6.00 cfs for 420 acres (of which P. and J. Reinke owned 82 acres) remaining.

F. and L. Reinke appropriation for a portion of the land designated "AH" (5.50 cfs for 385 acres, of which acreage Reinkes owned 168 acres), 1.96 cfs for 137 acres (of which Reinkes owned 10 acres) abandoned, 3.54 cfs for 248 acres (of which Reinkes owned 158 acres) remaining.

On March 4, 1966, appellants, under the provisions of § 41–53, filed in the district court a complaint and petition alleging, inter alia, that the board was without jurisdiction or authority to base its order and demanded that the court hold a hearing de novo on the action of the board set out in its January 7, 1966, order, that upon such hearing the court find and decree that the appellees take nothing by their action and that the board's order be vacated and set aside insofar as the water rights of the appellants were concerned. One of the appellants' grounds for relief was:

"The evidence affirmatively disclosed that at all times during the five year period upon which the Board's action was based [1959–1963], these plaintiffs used upon their respective lands all the adjudicated water that was available to them but that part of the time in each irrigation season, particularly during the months of July and August, there was never sufficient water available to completely utilize the adjudicated appropriation * * *."

In their answer, appellees claimed that the appellants failed to state a cause which entitled them to relief and prayed for dismissal. After a stipulation of the parties that the record of the board's hearing, together with exhibits, be sent to the trial court, the appellees moved to dismiss the action on the ground that the court lacked jurisdiction in that appellants had not complied with either statutory or civil procedure requirements for the taking of an appeal nor within the time provided by § 41–53 and had not filed an appeal but attempted to maintain an original action. Appellees' motion was overruled and a pretrial conference held at which time the parties and court agreed that due to the time of filing neither the Wyoming Administrative Procedure Act nor the rules relative thereto were applicable. It was stipulated by and between counsel that

the case should be tried and determined by the trial court solely upon the record as it had been made before the board and under the pleadings filed in the case, without the introduction of any further testimony or evidence. On April 19, 1967, after a trial on that basis, the court's order was entered in which it was found, inter alia, that the appellees could be benefited by the abandonment or partial abandonment of the water rights as they had requested and that the original and amended petition filed with the board was sufficient to entitle them to a hearing; and with certain amendments, the order as it affected the parties before the court was affirmed.[1] The trial court also ruled that in those instances where there were overlapping or two appropriations of water for the same land, the landowners should formally relinquish one of the appropriations.

The amendments as they affected the appellants were:

Yentzer appropriation for land designated "AC," 1.14 cfs for 80 acres declared abandoned, 1.71 cfs for 120 acres remaining.

Yentzer appropriation for land designated "F," 2.67 cfs for 187 acres declared abandoned, 6.47 cfs for 453 acres remaining.

Yentzer appropriation for land designated "BH," 1.71 cfs for 120 acres declared abandoned, 2.80 cfs for 195 acres remaining.

F. & L. Reinke appropriation for land designated "AF" by the trial court but from the description obviously pertaining to "AH," the abandonment decreed for 10 acres ordered stricken.

Appellants urge that the judgment should be reversed for the following reasons:

1. The amended petition failed to state facts sufficient to entitle appellees to a hearing before the board.

2. The amended petition disclosed on its face that the board had no jurisdiction

---

1. According to the trial court, the amendments were necessary because the record did not in certain instances contain reasonably clear and satisfactory evidence

that the appellants had abandoned the water rights for the statutory period of time.

to grant a hearing or enter an order declaring any of the appellants' water rights abandoned.

3. The record showed the court was without jurisdiction to do anything except enter its order dismissing the appellees' amended petition.

4. Neither the board nor the court had jurisdiction to enter an order attempting to modify or alter the certificates of appropriation of the appellants' water rights as adjudicated.

5. The evidence in the record failed to establish clear and convincing evidence that any of the appellants' water rights had been abandoned.

6. Neither the board nor the court had jurisdiction to enter an order eliminating from the appellants' certificates of appropriation any of the lands described in said certificates.

Points one, two, three, four, and six, directed to the sufficiency of the pleadings and procedure, are more or less related, and we will consider them first.

In their argument, appellants assert that while the statutes provide only for "water users" to bring an action for declaration of abandonment of existing water rights, the case was originally filed with the board by the two corporate ditch companies and they challenge the amended petition, filed with the board by twenty individuals, arguing that even the appellees say that in the one petition there were as many cases as there are appropriations involved, perhaps forty or fifty distinct cases. Appellants maintain that the filing of the amended petition by these multiple parties constituted a misjoinder, that the petitioners had separate and distinct interests adverse to each other, no interest in common, and that this was unauthorized by any statute, insisting that §§ 41–48 and 41–49 do not contemplate nor provide for such a proceeding, that objections were made and overruled, and that the board was advised that by appellants' participation in the hearing before the board they did not abandon their position and contention. They also say that the stipulation

to dispense with the preliminary hearing before the superintendent did not attempt to modify or change the requirements of the mentioned statutes as to the procedure required for the initiation of an abandonment proceeding, that a jurisdictional question can be raised at any stage of a judicial controversy by one or by all whose rights are involved in such a proceeding, that the authority of the court to enter a final decision does not remove the limitations contained in the law as to the order the court is authorized to enter, and that the matter of an illegal use of water or of a waste of water or what acreage can be irrigated as alleged in the amended petition are not questions within the court's jurisdiction, the judiciary being limited in this special proceeding to a review of the order of the board and the record upon which such order was based with no jurisdiction to consider any other matter.

■ In Anita Ditch Company v. Turner, Wyo., 389 P.2d 1018, 1021, we said that where no fixed standards concerning proper or necessary parties to administrative proceedings are fixed by statute general rules apply. We have not heretofore had before us the matter of an improper consolidation of contestants' and contestees' interests before the superintendent and board but have indicated that technical rules of pleading are relaxed in proceedings before administrative boards, and other jurisdictions have held that this freedom of formalism before administrative bodies applies also to the manner in which parties are brought under their jurisdiction. De Martini v. Industrial Accident Commission, 90 Cal.App.2d 139, 202 P.2d 828, 835. As said in 1 Davis, Administrative Law Treatise, p. 525 (1958): "The key to pleading in the administrative process is nothing more than opportunity to prepare." We have carefully perused the amended petition and deem it to have left no doubt as to who was involved, what the charges were, what rights and land were affected, what relief was asked, or any other element of the action against which appellants would be required to defend. Under these circumstances and considering

the fact that the rights of the various appropriators could scarcely be determined except in relation to other appropriators, we see no merit in appellants' contention that the admitted complication of there perhaps having been forty or fifty distinct cases within the one petition deprived either the board or the district court of jurisdiction.

Appellants anomalistically say that contestants as mentioned in § 41–49 need not claim they will be affected by the declaration of abandonment and are not required to possess any other qualifications than a desire to have the attacked water right declared abandoned. While we fail to comprehend the purpose of this contention, it is not worthy of an extended discussion since this court in Horse Creek Conservation Dist. v. Lincoln Land Co., 54 Wyo. 320, 92 P.2d 572, 580, said explicitly that the procedure set forth in what is now §§ 41–48 to 41–53, W.S.1957, was available only to those whose rights would be "affected."

With regard to points four and six wherein the jurisdiction of both the board and the court is challenged, appellants insist that this action is not an abandonment proceeding and that the board has permitted a direct attack by water users on its own final decrees of adjudication of the appellants' water rights and in so doing reduces the amount of the appropriation of water in certain decreed water rights, i. e., effects a partial abandonment, reduces the number of acres of land that can be irrigated under such water rights, proposes to designate the specific areas described in each of the certificates of appropriation that can hereafter be irrigated, and describes the specific acres in each certificate of appropriation that are to be eliminated from the certificates. Appellants argue that the board has issued such a modified decree and caused the same to be entered in the public records in the office of the board in violation of § 41–53, which they maintain directs that a certified copy of the final decision of the court be filed in the board's office after the court has reviewed the findings of the board, and insist that the board in this pro-

ceeding cannot enter a final order, citing § 41–53 and Horse Creek Conservation Dist. v. Lincoln Land Co., supra. Appellants also state that Art. 8, § 2, Wyo.Const., requires approval by the court of the order of the board of control.

■ Adverting to the asserted impropriety of a partial abandonment, it is true that neither the statutes nor any prior opinion of this court deals expressly with the abandonment of a portion of a water right. The legislature did provide in § 41–53 that "Whenever the board has declared any water right abandoned, either in whole or in part * * * it shall cause * * * a certified copy of such * * * decision to be delivered to the contestants and contestees," and "or in part" would seem to uncontrovertably import an intention to permit abandonment of less than the whole. Moreover, in other jurisdictions which deal with prescriptive rights, under statutes similar to those in this State, it has long been recognized that the power to cancel the whole of an appropriation for irrigation purposes for nonuser carries with it the right to cancel a part. Lindblom v. Round Valley Water Co., 178 Cal. 450, 173 P. 994, 996; Smith v. Hawkins, 120 Cal. 86, 52 P. 139, 140; State v. Birdwood Irrigation District, 154 Neb. 52, 57, 46 N.W.2d 884; City of Anson v. Arnett, Tex.Civ.App., 250 S.W. 2d 450, 453; and see 1 Rogers & Nichols, Water for California, p. 286 (1967). Since under § 41–2, W.S.1957, rights to the use of water attach to the land for irrigation and adjudicated certificates can be amended only under the procedures authorized by § 41–213, W.S.1957 (Cum.Supp.1967), it is of course imperative that in any instance where there is a holding of forfeiture of less than the whole appropriation an order clearly reflect what portion of a contestee's land is affected by a ruling of forfeiture.

■ As to the aspect of appellants' argument that there is a constitutional requirement for court approval of the board's order, it is true that § 2, Art. 8, states that the board's decisions are subject to review

by the court. This is not, however, a mandate for review.

■ As to the alleged violation of § 41–53, the legislature, prior to 1957, had required the board to file its order with the clerk of the appropriate court and made it necessary for the trial court thereafter to enter its own order concerning the matter. However, this was changed by c. 80, § 3, S.L. of Wyoming, 1957, possibly, as appellees conjecture, because of this court's prior criticism of the earlier statute. Horse Creek Conservation Dist. v. Lincoln Land Co., 50 Wyo. 229, 59 P.2d 763 at 765. Thus, we see no merit in this allegation of error.

Before we turn to appellants' final argument which concerns the evidence, we should perhaps mention their contention that the entire elimination of their adjudicated water rights would not supply a single additional cubic foot of water for use by any of the appellees through their ditches, which divert from Cross Creek. Both the board and the district court found that the appellees could be benefited by the abandonment or partial abandonment of the water rights as requested by appellees and that they are water users who might be affected by said abandonment. Exhibit A before the board showed that appellants' water rights are through East Fork Big Goose Creek, which is a tributary of Big Goose Creek, and have a priority date of 8/29/85, while appellees' water rights are from Cross Creek, a tributary of East Fork Big Goose Creek, a tributary of Big Goose Creek, and have a priority date of 11/1/85. Testimony was adduced to the effect that the asked-for abandonment would benefit the junior appropriators, and it would appear from the record that unquestionably the appellees were junior. Appellants point to the fact that not one of the appellees had testified at the hearing; however, we fail to see the significance of this fact inasmuch as the witness Pilch, a licensed, practicing civil engineer and surveyor, testifying in detail, said that at various stages he had been employed since 1960 by appropriators under the Last Chance and Peralta Ditch. When asked if any portion would inure to the benefit of the appellees should the abandonment be decreed as asked for in the petition, counsel for appellants objected and the president of the board stated that the information concerning the priority of appropriations out of the East Fork of the Big Goose Creek was available to the board, whereupon counsel for the appellees agreed with appellants' counsel in his statement that "we don't need any comments from this man on that information" as long as the board would take note of the items contained in the petition. In the light of the record, the criticism is untenable.

As to appellants' argument that there is no clear and convincing evidence that any of their water rights had been abandoned, they point to the fact that Pilch, the engineer, was the only witness called by appellees on the question of abandonment and insist that according to Ward v. Yoder, Wyo., 355 P.2d 371; 357 P.2d 180, and Nichols v. Hufford, 21 Wyo. 477, 133 P. 1084, his testimony was not sufficient to show that any of the water rights listed in the amended petition were abandoned. Since appellants do not argue any lack of testimony establishing failure to irrigate portions of land to which the challenged water rights were attached, it would appear unnecessary to recite the witness's conclusions as to the portions of the various lands he found not to be irrigated, although we might allude to the fact that as a basis for his testimony he referred to his personal inspection of lands in August of 1961 and 1963, aerial photographs of August 1954, and information furnished by the State Engineer.

In the Nichols case, this court indicated that the challenged opinions of the witnesses seemed little more than conjecture or guesswork. In Ward we said that although a court may not arbitrarily disregard uncontradicted and unimpeached testimony this does not alter the right of such court to disregard it if it is evasive, equivocal, improbable, impossible, or inconsistent with other testimony. In the instant

hearing before the board, we fail to see that Pilch's testimony was of the nature discussed in these cases. In fact, some of the appellants themselves in various instances testified to failure to irrigate lands to which their water rights were attached.

With regard to that portion of Yentzer's land referred to as "F," where the court considered the appropriation for 187 acres abandoned, the owner's son admitted that because of upheavals in the area some portions had not been irrigated, indicating that he "wouldn't imagine that there was more than 100 [acres] * * * above." As approximations he testified he was in 1963 irrigating 210 of the 315 acres of "BH"; better than half of the 200 acres of "AC"; and 450 of the 640 acres in "F." He said that before 1959 they had been unable to get their full appropriation because of a court decree and from 1959 to 1963 had not been able to get their full appropriation because of the management of Big Goose and Beaver. Yentzer's partner, who came onto the "BH" land in 1962 said all of it was not irrigated in 1963 but explained this was because water was not available, and that they had asked Robert Clabaugh, superintendent, president, and ditch rider of the Big Goose and Beaver Ditch Company since 1962, for their water. Clabaugh admitted that water had not been distributed on an adjudicated basis until the by-laws of the ditch company were amended in the spring of 1964, the by-laws having theretofore provided for distribution of the water according to stock ownership. He said this change was brought about in an effort to comply with the request of the State Board of Control, that board, according to appellants' counsel, having been "nudged" by him, Clabaugh testifying that it had been in the back of the minds of a considerable number of the appropriators in the Big Goose and Beaver Ditch. Clabaugh said under adjudicated basis Yentzer had 16.64 feet for 1,164 acres and under a share basis owned 3¼ shares

of company stock which entitled her to 8.12 feet of water, on the basis of the full flow of 99.98 feet of water through the canal. He said that irrigation of the lands under the Big Goose and Beaver ordinarily started around the first of June; that until the last week of June there would be sufficient water to supply the needs of the appropriators; that by July 15 in 1962 the total amount available had been 70 feet; that ordinarily in August it was down to approximately 20 feet; and that by September 15 there would be no water left.

Appellants raise the point of water availability as being important in an abandonment and unquestionably it is. However, counsel misconstrues the holding of our cases when he insists on the strength of Ramsay v. Gottsche, 51 Wyo. 516, 69 P.2d 535, that abandonment must be established by evidence showing that during the five years the failure to use the water was voluntary and that at all times there was water available for the appropriators to divert and use beneficially. The statutes, § 41–47 ff., by their wording do not make availability of water an element of proof in order to effect an abandonment, and none of our cases on the subject so hold,[2] nor could they have done so with propriety. What they do say is well summarized in Scherck v. Nichols, 55 Wyo. 4, 95 P.2d 74, 80, "An abandonment of a water right * * * must be voluntary. It cannot be held to be abandoned, if non-user is caused by facts not under the appropriator's control."

■ Nonavailability, as well as other factors not under the appropriator's control, is properly a matter of defense, and contestants in a water abandonment case are not obligated to show availability over the period of nonuse. In that connection, it is to be noted that the appellees here pleaded that appellants had water in excess of that which they could use or had beneficially used, notwithstanding the lack of necessity therefor. However, a party by

2. Ward v. Yoder, Wyo., 355 P.2d 371; 357 P.2d 180; Scherck v. Nichols, 55 Wyo. 4, 95 P.2d 74; Ramsay v. Gottsche, 51 Wyo. 516, 69 P.2d 535.

pleading more facts than he needs to does not ordinarily obligate himself to prove them. Hinton v. Wilmes, 80 Wyo. 360, 343 P.2d 201, 202–203; 71 C.J.S. Pleading § 522; 41 Am.Jur. Pleading § 369. The statement in appellees' amended complaint that appellants had water in excess of that which they could use or had beneficially used was therefore surplusage, and in order to bring themselves under the protection of this court's holding that a water right cannot be held to be abandoned if nonuse is caused by facts not under the appropriator's control, appellants were bound to establish the unavailability of water to them for the entire period (proof of their allegation before the trial court of the unavailability of water during "a part" of the irrigation season being per se insufficient as a defense).

No testimony was presented regarding the availability of water for the Reinkes, but the testimony that the failure to use water on the unirrigated portions of Yentzer's land, except for 100 acres of "F," was due to its unavailability is not contradicted, Clabaugh testifying that Yentzer could receive not even half of her appropriation. Such testimony standing alone would be of questionable value, but it was shown that steps were being taken, i. e., the changing of the ditch company's by-laws, so that the full appropriation would be made available.

■ Under these circumstances, the trial court's order must be reversed insofar as it affected the abandonment of water rights for Yentzer's 80 acres in "AC," and the abandonment of water rights for Yentzer's 120 acres in "BH." As to Yentzer's water rights for the 187 acres ordered abandoned in "F," the abandonment is sustained only as to the 100 acres admittedly not irrigated because of upheavals in the area. In all other respects, the order must stand.

Remanded with instructions that the trial court amend its order in certain particulars consistent with the holding of this opinion and otherwise affirmed.