In the Matter of a Petition for Declaration of Abandonment of the NORTH LARAMIE LAND COMPANY Appropriation for Water stored in North Laramie Land Company No. 2 Reservoir, Permit No. 1516 Res. Supplied from the North Laramie River through the North Laramie Land Company Canal, with priority of May 1, 1909.

**STATE BOARD OF CONTROL,**
Appellant (Respondent),

and

**Wilkinson Brothers, Appellant**
**(Respondent-Contestant),**

v.

**JOHNSON RANCHES, INC., Appellee**
**(Petitioner-Contestee).**

No. 5174.

Supreme Court of Wyoming.

Jan. 18, 1980.

Christan P. Mai, Asst. Atty. Gen., and Paul J. Hickey, Horiskey, Bagley & Hickey, Cheyenne, for appellants.

Donald N. Sherard, Wheatland, for appellee.

Before RAPER, C. J., THOMAS and ROSE, JJ., GUTHRIE, J., Retired, and FORRISTER, D. J.*

RAPER, Chief Justice.

█ This appeal is concerned solely with the interpretation of a Wyoming statute which governed the abandonment of water rights at the time this action was initiated.[1] The essential issue is whether the last sentence of § 41–47.1(b), supra, requires the contestant to prove that water was available during the successive five-year period of nonuse or whether the contestee is required to prove that water was not available thus excusing his nonuse. We will hold that the contestee has that burden, reverse the district court which held to the contrary, and affirm the Board of Control which properly construed the statute.

* McCLINTOCK, J., having recused himself, FORRISTER, D. J., was assigned. ROONEY, J., having recused himself, GUTHRIE, J., Retired, was assigned, having been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S. 1977, by order of the court entered on January 1, 1979.

1. Section 41–47.1, W.S.1957, 1975 Cum.Supp., now § 41–3–401, W.S.1977:
"(a) Where the holder of an appropriation of water from a surface, underground or reservoir water source fails, either intentionally or unintentionally, to use the water therefrom for the beneficial purposes for which it was appropriated, whether under an adjudicated or unadjudicated right, during any five successive years, he is considered as having abandoned the water right and shall forfeit all water rights and privileges appurtenant thereto.
"(b) When any water user who might be affected by a declaration of abandonment of existing water rights, desires to bring about a legal declaration of abandonment, he shall present his case in writing to the state board of control. The board has exclusive original jurisdiction in water right abandonment proceedings. The board shall, if the facts so justify, refer the matter to the superintendent of the water division where the abandonment is claimed to have occurred. *The total absence of water to divert during an irrigation season precludes the inclusion of any such period of nonuse resulting therefrom in the computation of the successive five-year period.*
"(c) The superintendent shall notify the holders of water rights sought to be abandoned, by certified mail, that a hearing will be held.

On May 12, 1977, the appellant, Wilkinson Brothers, filed before the State Board of Control a petition for declaration of abandonment of a water right, Permit No. 1516R. The water right in question was a reservoir right for the storage of 1,320 acre-feet of water and had a priority date of May 1, 1909. The petition for abandonment alleged:
"3. That the water has not been applied to beneficial use * * * for at least five consecutive years last past, when water was available for this purpose, and that your petitioner will be benefited by a declaration of abandonment of this appropriation * * *."

The appellee, Johnson Ranches, Inc., answered generally denying the allegation of the appellant and asserting several defens-

The hearing shall be conducted pursuant to all applicable provisions of the Wyoming Administrative Procedure Act [§§ 9–276.19 to 9–276.33]. All notices shall advise interested parties of the time, place, and purpose of the hearing. Parties initiating abandonment actions are designated as contestants. Water rights holders or other persons with interests in the rights allegedly abandoned are designated as contestees. In any case where notice by certified mail cannot be accomplished, an advertisement published once a week for three consecutive weeks in a newspaper of general circulation in the county in which the abandonment is alleged to have occurred, naming the parties in the case and setting forth the time, place, and purpose of the hearing is sufficient. Cost of advertising shall be paid by the state engineer.
"(d) A transcript shall be made of the hearing and shall be delivered to the superintendent. The state engineer shall provide and pay for the costs of the record. At the conclusion of the hearing, the transcript, all other evidence, and the report of the superintendent shall be transmitted to the board by the superintendent. At its next meeting the board shall vote to declare the right in question abandoned, either wholly or partially, or to decline to do so.
"(e) The board shall enter an order reflecting its action on the abandonment hearing, and shall, within 60 days, send a certified copy of the declaration to each contestant and contestee. Appeals may be taken as provided by law." As amended by § 1, ch. 176, Session Laws of Wyoming, 1973. (Emphasis added.)

es: (1) appellant would not be "affected" or "benefited" by the declaration of abandonment as required by § 41–47.1(b), supra, (2) the appellant is estopped from pursuing the abandonment because he negotiated and entered into a settlement and compromise concerning the respective water rights of the parties in a civil action which was adopted into an order of a district court, (3) based on the facts set out in (2) immediately above, the appellant has waived any right to pursue this abandonment proceeding, and (4) the appellant is guilty of laches. Although appellee generally denied the allegations as set out above, he made no affirmative averment to the effect that water was not available during one or more of the five years asserted in the petition.

In his opening statement presented at the hearing, which was conducted pursuant to § 41–47.1(c) and (d), supra, the appellant stated:

"We are proceeding, of course, under Wyoming Statute 41–47.1 and, as I read the statute, Mr. Examiner, there are three burdens on the Contestant in order to prove a case for the abandonment of a water right. To paraphrase that statute, the first burden is that a holder of an appropriation of water has failed to use the water for the beneficial purposes for which it was appropriated for any five successive years. The second burden is that we must show the availability of water for diversion during that period. And lastly, we must show that the person bringing the abandonment proceeding is affected."

And in his closing argument, appellant asserted:

"The second point I think that we are concerned with, as I indicated at the onset, is the availability of water. What we are dealing with here is a matter of practicalities that is not foreign at all to water administration as the Examiner knows much better than I. The canal that is in question here, of course, diverts from the North Laramie River. This is a canal that has not been measured. We are at a disadvantage, all of us, because we don't have specific measurements of the flow of water into this canal on a yearly basis based on an adequate gauge. "So, then we come to the question, 'Well, is anyone able to prove the availability of water if they don't know of a gauge?' Well, sure you are, Mr. Examiner, and I think we have conclusively proven that by virtue of the fact that the priorities in question here are all 1909 priorities, with the exception of the 1913 rights which have been alluded to earlier.

"So, if you don't have a gauge, how are you going to prove that water was available? Well, you prove it through the testimony of people that live in the area; through the testimony of George Wilkinson who lives a short distance from the reservoirs; through the testimony of Bob Harmon who through a leasing operation was able to travel this area for greater than twenty times a year for the six-year period of his lease; through the testimony of Mr. Bruegman who lives very close to the lands under the 1913 right as well as the reservoirs under the 1909 right. "Their testimony without contradiction established that these reservoirs 1 and 3 had water during that period. Additionally, Mr. Bruegman quite emphatically testifies that under the 1913 rights, there was water applied to this acreage that is being irrigated with a sprinkler irrigating system.

"So, where does that leave us? Well, that leaves us with the fact that of the priorities here on these permits of the 1909 dates, there was more than enough water to satisfy the first reservoir and the second reservoir. Additionally, there was enough water in this canal to satisfy a junior appropriator, junior to the right of the No. 2 Reservoir. And by clear implication, if we can satisfy a junior right on this canal, then we sure had enough water to satisfy the No. 2 Reservoir."

In accordance with procedures established by § 41–47.1(c) and (d), supra footnote 1, and the Board of Control, the matter was referred to the Board of Control for deci-

sion. The parties each filed a brief before the Board of Control. The appellant there asserted in his brief, which was filed on December 19, 1977:

"An examination of the statute discloses that for an abandonment to be proper it must be shown that:

"1. The holder of an appropriation of water has failed to use the water *for the beneficial purposes for which it was appropriated* during any five successive years.

"2. That the water user filing the petition *might be affected by a declaration of abandonment.*

"3. That water was available for the appropriation during the period of alleged abandonment.

"The evidence presented at the hearing clearly established these elements. * * *" (Emphasis in original.)

However, in its same brief appellant also pointed out:

"Lastly, in concluding the discussion of the evidence which establishes the above mentioned elements of W.S. 41–47.1, it must be pointed out that Contestee did not present any evidence in its behalf to show that the right involved had not been abandoned. (T. at 127). Surely if the Contestee had anything to offer to rebut the testimony establishing the abandonment, it would have done so. In this regard, consideration must be given to the Wyoming case of *Yentzer v. Hemenway,* 440 P.2d 7, reh. den., 441 P.2d 320, (Wyo.1968), wherein our Supreme Court held that nonavailability, as well as other factors not under appropriator's control, is properly a matter of defense in a water abandonment case and contestants were not obligated to show availability over the period of nonuse. By failing to offer any evidence that abandonment was not proper, there can be but one logical inference to be drawn, i. e. that Contestee has in fact abandoned the subject water right. * * *"

2. The appellee should have responded to this turn of events by presenting argument that appellant's interpretation of the statute was

The appellee filed his brief with the Board of Control on December 16, 1977. It contended for the position that appellant had failed to prove that water was available during the period of the alleged abandonment. Appellee conceded the fact of nonuse. Appellee disputed initially that appellant was " 'affected' or 'benefited' " by the proposed abandonment, but he did not bring that issue before this court; and thus we are not concerned with that point and make no decision in that regard. Before the Board of Control, the appellee made no attempt to respond[2] to the argument that this court's decision in *Yentzer v. Hemenway, supra,* relieved the appellant of the burden of proving availability even though he had assumed that burden in the hearing.

An order, dated March 1, 1978, and entered on April 25, 1978, contained the declaration of the Board of Control, which in pertinent part read:

"FINDINGS OF FACT

* * * * * *

"9. THAT the Contestee [appellee] introduced no evidence of the use of said water right, nor of the availability or nonavailability of water for such use.

* * * * * *

"CONCLUSIONS OF LAW

"3. THAT nonavailability of water is properly a matter of defense and a burden which must be borne by the Contestee [appellee]." (Bracketed material added.)

On May 25, 1978, the appellee filed a petition for review in the district court as provided for in § 41–47.1(e), supra. That petition alleged a variety of errors, but the only ones that concern us are:

"(b) Finding of Fact No. 9 which states as follows:

" '9. THAT the Contestee introduced no evidence of the use of the said water right, nor of the availability or nonavailability of water for such use.'

incorrect or requested a reopening of the evidentiary hearing so he could present evidence demonstrating unavailability.

"is not a finding of a controlling fact, but is merely a finding that the Contestee did not present evidence on the particular point; that based upon all of the evidence presented, there was no finding of the basic fact that water was available during the necessary five-year consecutive period, and in any event, there was no substantial evidence showing the availability of water for use by the subject water right during such period;

\* \* \* \* \* \*

"(d) That Conclusion of Law No. 3 which states:

" '3. THAT nonavailability of water is *properly a matter of defense and a* burden which must be borne by Contestee.'

"is erroneous;

\* \* \* \* \* \*"

The argument pursued by appellee in the district court was that the burden was on appellant to prove availability, that he failed to prove it, and as a *matter of law* the Board of Control was required to find that availability had not been proven by appellant. Hence, appellee argues the abandonment could not properly have been declared as the Board of Control did. The district court found in favor of appellee and reversed the order of the Board of Control and remanded the matter to the Board for a determination as to whether there was evidence on which to base a finding that water was available in each of the five years that formed the basis for the abandonment proceeding.

From the district court's order, the Board of Control appeals and joins as an appellant with Wilkinson Brothers before this court. For purposes of clarity, we will refer to the Board of Control as such.

We perceive the issue before us to be rather narrow. The appellant and the Board point out that under §§ 41–47[3] and 41–48[4], W.S.1957, this court held:

"Appellants raise the point of water availability as being important in an abandonment and unquestionably it is. However, counsel misconstrues the holding of our cases when he insists on the strength of *Ramsay v. Gottsche*, 51 Wyo. 516, 69 P.2d 535, that abandonment must be established by evidence showing that during the five years the failure to use the water was voluntary and that at all times there was water available for the appropriators to divert and use beneficially. The statutes, § 41–47 ff., by their wording do not make availability of water an element of proof in order to effect an abandonment, and none of our cases on the subject so hold, nor could they have done so with propriety. What

---

3. Section 41–47, W.S.1957:

"Rights to the use of water shall be limited and restricted to so much thereof as may be necessarily used for irrigation or other beneficial purposes as aforesaid; irrespective of the carrying capacity of the ditch, and all the balance of the water not so appropriated shall be allowed to run in the natural stream from which such ditch draws its supply of water, and shall not be considered as having been appropriated thereby; and in case the owner or owners of any such ditch, canal or reservoir shall fail to use the water therefrom for irrigation or other beneficial purposes during any five successive years, they shall be considered as having abandoned the same, and shall forfeit all water rights, easements and privileges, appurtenant thereto, and the water formerly appropriated by them may be again appropriated for irrigation and other beneficial purposes, the same as if such ditch, canal or reservoir had never been constructed; neither shall the owner or owners of such ditch, canal or reservoir have any right to receive from others any royalty for the use of water carried thereby, but every such owner or owners having a surplus of water and furnishing the same to others from any ditch, canal or reservoir as herein provided, shall be considered common carriers and shall be subjected to the same laws that govern common carriers."

4. Section 41–48, W.S.1957:

"When, pursuant to the provisions of section 852 [§ 41–47], any water user who might be affected by a declaration of abondonment [abandonment] of existing water rights, desires to bring about a legal declaration of such abandonment, he shall present his case in writing to the board of control. The board, after giving the case full consideration, shall, if the facts are sufficient to so justify, refer the matter to the division superintendent of the division where such abandonment *is claimed to have occurred.*"

they do say is well summarized in *Scherck v. Nichols*, 55 Wyo. 4, 95 P.2d 74, 80, 'An abandonment of a water right * * * must be voluntary. It cannot be held to be abandoned, if non-user is caused by facts not under the appropriator's control.'

"Nonavailability, as well as other factors not under the appropriator's control, is properly a matter of defense, and contestants in a water abandonment case are not obligated to show availability over the period of nonuse. In that connection, it is to be noted that the appellees here pleaded that appellants had water in excess of that which they could use or had beneficially used, notwithstanding the lack of necessity therefor. However, a party by pleading more facts than he needs to does not ordinarily obligate himself to prove them. *Hinton v. Wilmes*, 80 Wyo. 360, 343 P.2d 201, 202–203; 71 C.J.S. Pleading § 522; 41 Am.Jur. Pleading § 369. The statement in appellees' amended complaint that appellants had water in excess of that which they could use or had beneficially used was therefore surplusage, and in order to bring themselves under the protection of this court's holding that a water right cannot be held to be abandoned if nonuse is caused by facts not under the appropriator's control, appellants were bound to establish the unavailability of water to them for the entire period (proof of their allegation before the trial court of the unavailability of water during 'a part' of the irrigation season being per se insufficient as a defense)." (Footnotes omitted.) *Yentzer v. Hemenway*, Wyo.1968, 440 P.2d 7, 13–14, rehearing denied, 441 P.2d 320.

They continue their argument, asserting that the legislative rewrite of 1973, which resulted in § 41–47.1(b), supra, now § 41–3–401(b), W.S.1977, should not be read to have changed the gloss placed on §§ 41–47 and 41–48, supra, by the case *Yentzer v. Hemenway, supra.*

 The district court, in reversing the order of the Board, stated in its memorandum decision:

"Therefore, we are left with the question of what the legislature did in fact intend by passage of this amendment. We know that we must assume that the legislature had full knowledge of the existing condition of the law (see *Civic Association of Wyoming v. Railway Motor Fuels, Inc.*, 116 P.2d 236 [57 Wyo. 213, 1941]), and we know also that the legislature must not be presumed to intend futile things, but when the legislature adopts an amendment to existing law it must be presumed that it intended a change in the law. *Kunz [Kuntz] v. Kinne*, 395 P.2d 286 (Wyo.1964); *Brinegar v. Clark*, 371 P.2d 62 (Wyo.1962); *Stolldorf v. Stolldorf*, 384 P.2d 969 (Wyo.1963).

"If the Court in this case is to presume that the legislature intended some change in the law and that therefore the Courts must endeavor to give some effect to the amendment, it would appear that the only logical result is that the Court must hold that the 1973 Amendment did in fact overrule the Wyoming Supreme Court's holding in *Yentzer v. Hemenway*, 440 P.2d 7. This becomes even more compelling a conclusion, when you look again at the following statement in the *Yentzer* case: 'The Statutes, § 41–47 ff., by their wording, do not make availability of water an element of proof in order to effect an abandonment, . . .' After the 1973 Amendment, it would appear that the statutes do now, by their wording, make availability of water an element of proof in order to effect an abandonment. This is so, in the view of the undersigned, even though the statutory language is phrased in a negative fashion rather than an affirmative fashion, because no other means can be devised to give effect to the amendment as a change in the existing law."

The issue which we perceive to have been brought here is simply whether the reasoning and decision of the district court is correct. The Board of Control and appellant offer several alternatives to us, each of which they conceive to be an avenue of relief from the district court's order. How-

ever, the appellee relies on only *one* issue to sustain the district court's order and that is that the district court correctly decided the significance of the 1973 amendment and that his order of disposition is correct. The appellee calls no other issues to our attention. We note in passing that a review such as that which we conduct here is unlike the review we conduct of a district court decision where it is sitting as a court of general jurisdiction. In the instant case, the district court is sitting in a role similar to that of an intermediate court of appeals. On a subsequent appeal to this court, we give no special deference to the decision of the district court but rather independently review the matter using the same materials and the same standards used by the district court. Minnesota-Dakotas *Retail Hardware Association v. State*, Minn.1979, 279 N.W.2d 360, 363; and see, *DeWeese v. Georgia Real Estate Commission*, 1975, 136 Ga.App. 154, 220 S.E.2d 458; *Olathe Hospital Foundation, Inc. v. Extendicare, Inc.*, 1975, 217 Kan. 546, 539 P.2d 1; *State Dept. of Revenue v. Boeing Co.*, 1975, 85 Wash.2d 663, 538 P.2d 505; *Bixby v. Pierno*, 1971, 4 Cal.3d 130, 93 Cal.Rptr. 234, 481 P.2d 242; *Seidenberg v. New Mexico Bd. of Medical Examiners*, 1969, 80 N.M. 135, 452 P.2d 469; *City of North Las Vegas v. Public Service Commission*, 1967, 83 Nev. 278, 429 P.2d 66; and see generally West's Digest System, Administrative Law, ▮ And this is only a logical conclusion. The questions posed to the district court in this intermediate appellate setting are purely questions of law. All fact questions have been decided and resolved by the hearing body. As a matter of appellate practice, an appellate court accords no special deference and is not bound by a district court's decision on a question of law. *Benson v. Griffin Television, Inc.*, Okl.App.1978, 593 P.2d 511, 513; and see generally West's Digest System, Appeal and Error, ▮ Moreover, this court may not consider, nor may the district court consider, issues that were not presented to the hearing body. *Wyoming Bancorporation v. Bonham*, Wyo. 1974, 527 P.2d 432, 439.

▮ We hold that the statute, as it was amended in 1973, did not alter the burden of proof established by this court's decision in *Yentzer v. Hemenway, supra*. We view the language of the statute to be unambiguous. It does not purport to assign the burden of proof to anyone. All it says is that the absence of water to divert during the irrigation season of any year exempts that year from inclusion in the five-year period in question. Not one word as to burden appears. The wording of § 41–47.1, supra, is vastly different from the wording of §§ 41–47 and 41–48, supra. The rewrite effected substantial changes in the law, there is no doubt. However, we are not willing to go so far as to require that changes in language of, or the addition of language to, a statute *must* be interpreted by the courts to effect a change even though it is plain that no change was intended. This being so, we can only conclude that the legislature did not alter the established burden enunciated in *Yentzer v. Hemenway*, supra. Because there is no ambiguity, there is no need to resort to any rules of statutory construction. *Mountain Fuel Supply Co. v. Emerson*, Wyo.1978, 578 P.2d 1351; *Johnson v. Safeway Stores, Inc.*, Wyo.1977, 568 P.2d 908; *Geraud v. Schrader*, Wyo.1975, 531 P.2d 872, certiorari denied, sub nom. *Wind River Indian Education Association, Inc. v. Ward*, 423 U.S. 904, 96 S.Ct. 205, 46 L.Ed.2d 134; see generally West's Digest System, Statutes, ⟨key⟩Numbers 188 and 190.

Although there was confusion in the proceedings before the hearing body, created because the appellant assumed the burden of proving availability, the appellee had notice that this issue (who really had that burden) was in contention. The appellee had an obligation to respond to that issue if it wished to reassess its position in view of the fact that the possibility existed that it had the burden of proving nonavailability or some other defense. *Yentzer v. Hemenway*, supra. Appellee chose not to do so but rather rested on what turns out to be a slender thread, i. e., its view that the 1973 amendment placed the burden on the appellant. It loses on both scores.

The order of the district court is reversed with directions that it vacate its order of reversal and enter one affirming the declaration of abandonment entered by the Board of Control.